dbt f !3;17.ds.11181.SMQSD!!!!!epdvn f ou42!!!!!gifne!2201603118!!!!!qbhf !2!pg2

| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER (Tran. Court) 0755 2:06CR00070 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT Northern District Of Indiana | DIVISION Hammond |
|---|---|---|
| Rita Denise Hemphill | NAME OF SENTENCING JUDGE Honorable Judge Rudy Lozano | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 04/19/2007 | TO 04/18/2010 |

RECEIVED OCT 1 2 2007 U.S. PROBATION OFFICE CHICAGO, ILLINOIS

FILED NOV 1 5 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

OFFENSE
BANK FRAUD - Title: 18:1344 and 2

MAGISTRATE JUDGE COX
07CR 695
JUDGE GETTLEMAN

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ Northern District of Illinois _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

10/4/07
_____
Date

/s/ Rudy Lozano
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT _____ Illinois _____

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

DOCKETED OCT 30 2007

OCT 2 3 2007
_____
Effective Date

James F. Holderman
_____
United States District Judge

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
# USDC Northern Indiana (Hammond)
# CRIMINAL DOCKET FOR CASE #: 2:06-cr-00070-RL-PRC All Defendants
# Internal Use Only

Case title: United States of America v. Hemphill

Date Filed: 04/20/2006
Date Terminated: 04/20/2007

Assigned to: Judge Rudy Lozano
Referred to: Magistrate Judge Paul R Cherry

**Defendant**

**Rita D Hemphill** (1)
*TERMINATED: 04/20/2007*

represented by **Claudia Irma Traficante**
Law Offices of Claudia Traficante
5955 Central Avenue
Portage, IN 46368
219-762-6615
Fax: 219-763-6229
Email: citlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: [signature]
DEPUTY CLERK
Date: 11/6/07

**Pending Counts**

18:1344 AND 2 BANK FRAUD, AIDING AND ABETTING
(1)

**Disposition**

Deft is hereby committed to the custody of the BOP for a term of 1 day, with credit for time served. Deft is placed on home detention for a term of 4 mos to

commence within 30 days of this judgment. Special assessment of $100 due imed. Restitution to be paid in the total amount of $8,548.91 due imediately, at the the minimum rate of $50.00 a month until paid in full. No fine imposed.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

**United States of America**   represented by   **Randall M Stewart - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5610
Fax: 219-852-2770
Email: Randall.Stewart@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/20/2006 | 1 | SEALED INDICTMENT as to Rita D Hemphill (1) count(s) 1. (rmn) Additional attachment(s) added on 7/25/2006 (smb, ). (Entered: 04/21/2006) |
| 04/21/2006 | 2 | ARREST Warrant Issued in case as to Rita D Hemphill. (rmn) (Entered: 04/21/2006) |
| 07/19/2006 |  | Case unsealed as to Rita D Hemphill (smb) (Entered: 07/25/2006) |
| 07/19/2006 |  | Arrest of Rita D Hemphill (smb) (Entered: 07/25/2006) |
| 07/19/2006 |  | Judge update in case as to Rita D Hemphill. Judge Paul R Cherry added. (smb) (Entered: 07/25/2006) |
| 07/19/2006 | 4 | INITIAL APPEARANCE as to Rita D Hemphill held on 7/19/2006 before Judge Paul R Cherry. Govt appeared by AUSA R Stewart. Dft appeared in person w/out cnsl. P Sgroi appeared on behalf of U S Pretrial Services. Deft adv rights, charges, penalties. Dft rqst for apt cnsl is granted based on finan qualification. Clerk directed to notify Fed Com Defend Ofc for apt cnsl. Arraignment set for 7/31/2006 11:00 AM in Hammond before Magistrate Judge Paul R Cherry. Defend released on $20,000 Appearance Bond supervised. (Tape #FTR.) (smb) (Entered: 07/25/2006) |
| 07/19/2006 | 5 | Appearance Bond Entered as to Rita D Hemphill in amount of $ 20,000 unsecured, (smb) (Entered: 07/25/2006) |
| 07/19/2006 | 6 | ORDER Setting Conditions of Release. Signed by Judge Paul R Cherry on 7/19/06. (smb) (Entered: 07/25/2006) |
| 07/20/2006 | 3 | ARREST Warrant Returned Executed on 7/19/2006 in case as to Rita D Hemphill. (rmn) (Entered: 07/20/2006) |

| 07/25/2006 | 7 | CJA 20 as to Rita D Hemphill: Appointment of Attorney Claudia Irma Traficante for Rita D Hemphill. By Judge Paul R Cherry on 7/25/06. (smb) (Entered: 07/26/2006) |
|---|---|---|
| 07/27/2006 | 8 | NOTICE RESET OF HEARING as to Rita D Hemphill: Arraignment RESET for 7/31/2006 01:15 PM in Hammond before Magistrate Judge Paul R Cherry. This is a change in time only. Defend is ORDERED to be present in person.(smb) (Entered: 07/27/2006) |
| 07/31/2006 | 9 | ARRAIGNMENT as to Rita D Hemphill (1) Count 1 held on 7/31/2006 before Judge Paul R Cherry. Govt appeared by AUSA Toi Houston. Dft appeared by atty Claudia Traficante. Dft waives formal reading, waives advisement of charges, penalties. Dft enters NOT GUILTY plea. Plea Agreement due by 9/18/2006. Pretrial Motions due by 8/31/2006. Jury Trial set for 9/25/2006 08:30 AM in Hammond before Magistrate Judge Paul R Cherry. Final Pretrial Conference set for 9/15/2006 09:45 AM in Hammond before Magistrate Judge Paul R Cherry. Pretrial Motions due by 8/31/2006. Discovery tendered by Government to defense cnsl in open Court. Scheduling Order attached. (Tape #FTR.) (smb) (Entered: 08/04/2006) |
| 08/10/2006 |  | Reset Hearings as to Rita D Hemphill: Jury Trial set for 9/25/2006 08:30 AM in Hammond before Judge Rudy Lozano. (smb) (Entered: 08/10/2006) |
| 09/15/2006 | 10 | MOTION to Continue *Trial with Certificate of Service* by Rita D Hemphill. (Traficante, Claudia) (Entered: 09/15/2006) |
| 09/15/2006 | 11 | PRETRIAL CONFERENCE as to Rita D Hemphill held on 9/15/2006 before Judge Paul R Cherry. Govt appeared by AUSA R Stewart. Dft appeared by atty C Traficante. The Defend has been charged in the Northern District of Chicago on similar charges which will effect any plea agreement in this case. Defense |

| | | |
|---|---|---|
| | | will be filing a motion to continue the 9/25/06 trial setting to allow defense to sort issues out. Govt has no objection to a continuance of the 9/25/06 trial setting. (#FTR.) (smb) (Entered: 09/15/2006) |
| 09/15/2006 | 12 | STATUS CONFERENCE as to Rita D Hemphill held on 9/15/2006 before Judge Rudy Lozano. Govt appeared by atty Sharon Johnson. Dft appeared by atty Claudia Traficante. Discussion hld regarding status of case. Court denying deft's mot to continue trial. (Court Reporter Julie Churchill-Mickley.) (imr, ) Modified on 9/15/2006 (imr, ). (Entered: 09/15/2006) |
| 09/19/2006 | 13 | ORDER DENYING 10 Motion to Continue Trial as to Rita D Hemphill (1). Signed by Judge Paul R Cherry on 9/19/06. (smb) (Entered: 09/19/2006) |
| 09/19/2006 | 14 | PLEA AGREEMENT as to Rita D Hemphill (Stewart, Randall) (Entered: 09/19/2006) |
| 09/19/2006 | 15 | NOTICE OF HEARING as to Rita D Hemphill Change of Plea Hearing set for 9/27/2006 09:00 AM in Hammond before Judge Rudy Lozano. (imr, ) (Entered: 09/19/2006) |
| 09/27/2006 | 16 | CHANGE OF PLEA HEARING as to Rita D Hemphill held on 9/27/2006 before Judge Rudy Lozano. Plea entered by Rita D Hemphill (1) Guilty as to Count 1. Govt appeared by atty Randall Stewart. Dft appeared by atty Claudia Irma Traficante. Paula Pramuk appeared on behalf of U S Probation/Pretrial Services. Court now accepts deft's plea of guilty and she is adjudged guilty of the charges contained in count one. Court refers the right to accept or reject deft's plea agreement until time of sentencing and after review of the PSI. Deft is to remain on current bond conditions pending sentencing. Sentencing set for 1/3/2007 12:30 PM in Hammond before Judge Rudy Lozano. (Court Reporter Julie Churchill-Mickley.) (imr, ) (Entered: 09/28/2006) |

| 11/28/2006 | 17 | MOTION to Continue *Sentencing with Certificate of Service* by Rita D Hemphill. (Traficante, Claudia) (Entered: 11/28/2006) |
| --- | --- | --- |
| 11/28/2006 | 18 | ORDER denying 17 Motion to Continue Sentencing as to Rita D Hemphill (1). Sentencing date of January 3, 2007 is hereby REAFFIRMED. Signed by Judge Rudy Lozano on 11/28/2006. (rmn) (Entered: 11/29/2006) |
| 12/07/2006 | 19 | NOTICE OF HEARING as to Rita D Hemphill Show Cause Hearing set for 12/15/2006 10:30 AM in Hammond before Judge Rudy Lozano. Defendant need not be present.(imr, ) (Entered: 12/07/2006) |
| 12/14/2006 |  | Terminate Deadlines and Hearings as to Rita D Hemphill: Rule To Show Cause Hrg scheduled for 12/15/06 is ordered stricken. (imr, ) (Entered: 12/14/2006) |
| 12/20/2006 |  | Sentencing hearing set for 1/3/07 as to Rita D Hemphill: IS VACATED To be set at a later date. (imr, ) (Entered: 12/20/2006) |
| 01/04/2007 | 20 | NOTICE OF HEARING as to Rita D Hemphill Sentencing reset for 3/9/2007 12:30 PM in Hammond before Judge Rudy Lozano. (imr, ) (Entered: 01/04/2007) |
| 01/23/2007 | 21 | MOTION to Continue *Sentencing with Certificate of Service* by Rita D Hemphill. (Traficante, Claudia) (Entered: 01/23/2007) |
| 01/25/2007 | 22 | ORDER granting 21 Motion to Continue as to Rita D Hemphill (1).Sentencing reset for 3/20/2007 12:30 PM in Hammond before Judge Rudy Lozano. Signed by Judge Rudy Lozano on 1/25/07. (kjp) (Entered: 01/26/2007) |
| 03/13/2007 | 23 | NOTICE OF HEARING as to Rita D Hemphill. Sentencing RESET for 4/11/2007 12:30 PM in Hammond before Judge Rudy Lozano. Previous setting of 3/20/07 is ordered stricken.(imr) (Entered: |

| | | |
|---|---|---|
| | | 03/13/2007) |
| 04/11/2007 | ●24 | SENTENCING HEARING SCHEDULED-STATUS CONFERENCE as to Rita D Hemphill held on 4/11/2007 in Chambers before Judge Rudy Lozano. Govt appeared by atty Randall Stewart. Dft appeared by atty Claudia Irma Traficante. Jim Holm appeared on behalf of U S Probation/Pretrial Services. This matter is continued. Sentencing reset for 4/19/2007 12:30 PM in Hammond before Judge Rudy Lozano. (imr) (Entered: 04/11/2007) |
| 04/19/2007 | ●25 | SENTENCING HRG SCHEDULED-STATUS CONFERENCE as to Rita D Hemphill held on 4/19/2007 before Judge Rudy Lozano. Govt appeared by atty Randall Stewart. Dft appeared by atty Claudia Irma Traficante. Jim Holm appeared on behalf of U S Probation/Pretrial Services. Deft fails to appears for scheduled hearing. Court orders that a warrant be issued. (Court Reporter Julie Churchill-Mickley.) (imr) (Entered: 04/19/2007) |
| 04/19/2007 | ●26 | Warrant Issued in case as to Rita D Hemphill. (imr) (Entered: 04/19/2007) |
| 04/19/2007 | ● | Arrest of Rita D Hemphill (imr) (Entered: 04/19/2007) |
| 04/19/2007 | ●28 | SENTENCING held before Judge Rudy Lozano on 4/19/2007 for Rita D Hemphill (1)Deft is admonished for failing to report on time for today's proceeding. Count(s) 1, Deft is hereby committed to the custody of the BOP for a term of 1 day, with credit for time served. Deft is placed on home detention for a term of 4 mos to commence within 30 days of this judgment. Special assessment of $100 due imed. Restitution to be paid in the total amount of $8,548.91 due imediately, or at the the minimum rate of $50.00 a month until paid in full. No fine imposed.. Govt appeared by atty Randall Stewart. Dft appeared by atty Claudia Irma Traficante. Jim Holm appeared on behalf of U S Probation/Pretrial Services. (Court Reporter Julie |

| | | |
|---|---|---|
| | | Churchill-Mickley.) (imr) (Entered: 04/20/2007) |
| 04/19/2007 | ● | (Court only) ***Location start as to Rita D Hemphill (imr) (Entered: 04/20/2007) |
| 04/20/2007 | ●27 | ARREST Warrant Returned Executed on 4/19/2007 in case as to Rita D Hemphill. (rmn) (Entered: 04/20/2007) |
| 04/20/2007 | ●29 | JUDGMENT AND COMMITMENT ORDER ENTERED as to Rita D Hemphill (1) Signed by Judge Rudy Lozano on 4/20/07. (imr) (Entered: 04/20/2007) |
| 04/20/2007 | ● | (Court only) ***Case Terminated as to Rita D Hemphill (imr) (Entered: 04/20/2007) |
| 10/04/2007 | ●30 | ORDER TO TRANFER JURISDICTION as to Rita D Hemphill to Northern District of Illinois. Signed by Judge Rudy Lozano on 10/4/2007 awaiting signature of accepting judicial officer. (original to USPO) (rmn) (Entered: 10/05/2007) |
| 11/05/2007 | ●31 | Probation Jurisdiction Transferred to the Northern District of Illinois as to Rita D Hemphil. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (kjp) (Entered: 11/06/2007) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| RITA DENISE HEMPHILL | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. §1344 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11/5/07

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

On or about May of 2004, in the Northern District of Indiana and elsewhere,

**RITA D. HEMPHILL,**

defendant herein, knowingly executed a scheme to defraud a financial institution and to obtain money and funds that she was not legally entitled to, which money was under the custody and control of a financial institution, by means of false and fraudulent pretenses, representations and promises in that:

1. At all times material herein, Horseshoe Casino was a financial institution engaged in interstate commerce with offices located in Indiana and elsewhere;

2. At all times material herein, US Bank was a financial institution engaged in interstate commerce with offices located in Illinois and elsewhere, with deposits insured by the Federal Deposit Insurance Corporation;

3. On or about March 24, 2004, the defendant with $100.00 opened a checking account at US Bank in the State of Illinois and obtained a debit card for this account;

4. At all times material herein, Global Payments was a business based in Atlanta, Georgia which was engaged in interstate commerce. Global payments processed and cleared electronic fund transfers for various banks and other facilities and institutions throughout the United

States;

5. At all times material herein, all processing and clearing of electronic fund transfers by Global Payments for Horseshoe Casino involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana as well as across various state boundary lines;

6. As part of the regular course of business at Horseshoe Casino, individuals wishing to obtain funds to pay for gambling or other purposes could obtain a cash advance on either their credit card or through a debit to their bank debit card. Said service was provided by the Casino in exchange for a nominal fee;

7. To obtain a cash advance with a credit card, an individual was to present a valid credit card to Casino officials and request a specific dollar amount within their credit balance limit;

8. To obtain a cash advance with a debit card, an individual was to present a valid debit card to casino officials and request a debit withdrawal in a specific dollar amount within their debit limit;

9. With either a cash advance against a credit card or a debit to an existing balance via a debit card transaction, Casino officials would "swipe" the card through an electronic magnetic card processing device and enter additional data regarding the transaction (i.e. requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments. Global Payments would then electronically contact the bank that issued the credit card or debit card to verify the availability of the requested funds. After receiving this information from the issuing bank Global Payments would either approve or disapprove the request and would advise the Casino back in Indiana of it's finding;

10. If the transaction was approved, the amount of the credit card advance or debit card withdrawal was returned to the individual in the form of a Global Payments check which in turn

would be endorsed by the requesting individual, cashed by the Casino and remitted to the individual, in addition to a required service fee;

11. On or about May 10, 2004 and May 11, 2004, the defendant did cause to be deposited into her US Bank checking account, electronically generated deposit transactions involving a bogus $6,500.00 check drawn on Bank One and an empty envelope with a purported deposit of $8,600.00, both of which she knew to be worthless and not negotiable. The purpose of these deposits was to fraudulently inflate the available account balance so that a cash advance could be taken against this balance before the discovery by US Bank, Bank One, Horseshoe Casino or others that said checks were in fact worthless and non-negotiable;

12. On or about May 11, 2004 at approximately 8:44 a.m., and May 12, 2004 at approximately 4:51 a.m., following the defendant's knowingly causing of the fraudulent deposits into her US Bank checking account and for the purpose of executing the above-described scheme involving these financial institutions, the defendant knowingly used her US Bank debit card and requested Horseshoe Casino debit said checking account in the amount of $2,500.00 and $2,800.00 on said respective dates. Pursuant to her request she was given a total of $5,300.00 cash at a time when she well knew said account, which was insured by the Federal Deposit Insurance Corporation (FDIC), did not have enough assets to support such a withdrawal.

All in violation of Title 18, United States Code, Sections 1344 and 2.

A TRUE BILL:

/s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By:  /s/ Randall M. Stewart
Randall M. Stewart
Assistant United States Attorney

♦AO 245B　(Rev. 06/05) Judgment in a Criminal Case
　　　　　　Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __INDIANA__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RITA D. HEMPHILL | Case Number:　2:06 CR 70-01 |
| | USM Number:　18668-424 |
| | Claudia Irma Traficante |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)　__one__

☐  pleaded nolo contendere to count(s) _____
　　which was accepted by the court.

☐  was found guilty on count(s) _____
　　after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:1344 and 2 | Bank Fraud | 5/2004 | one |

　　The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____　☐ is　☐ are　dismissed on the motion of the United States.

　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 19, 2007
Date of Imposition of Judgment

/s/ Rudy Lozano
Signature of Judge

Honorable Rudy Lozano, United States District Court Judge
Name and Title of Judge

April 20, 2007
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11/5/07

AO 245B  (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT: RITA D. HEMPHILL
CASE NUMBER: 2:06 CR 70-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **one day, credit for time served**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:   RITA D. HEMPHILL
CASE NUMBER: 2:06 CR 70-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   three years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days after being placed on supervised release and up to two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:     RITA D. HEMPHILL
CASE NUMBER:   2:06 CR 70-01

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall not illegally possess a controlled substance.

The defendant shall participate in a drug aftercare treatment program which may include urine testing under a co-payment plan at the direction and discretion of the probation officer.

The defendan shall participate in a co-payment program to offset the cost of treatment. The co-payment amount is based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall be placed on home detention for a period of 4 months, to commence within 30 days of this Judgement Order. During this time, the defendant shall remain at her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at her place of residence without any "call forwarding," "Caller ID," "call waiting," modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

The defendant is to pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made in accordance with the probation officer's direction. Changes to the established rate can be made by the probation officer subject to supervisory approval.

While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7..

Judgment — Page 5 of 6

DEFENDANT: RITA D. HEMPHILL
CASE NUMBER: 2:06 CR 70-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 8,548.91 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, (street address), (city, state, zip) for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U. S. Bank |  | $8,548.91 |  |
| **TOTALS** | $ _____ | $ 8,548.91 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT: RITA D. HEMPHILL
CASE NUMBER: 2:06 CR 70-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ __8,648.91__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.